IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION** |
| v. : | |
| : | **NO. 17-2675** |
| **BRIAN R. ZAIGER, et al.,** : | |
| : | |
| **Defendants.** : | |

## ORDER

**AND NOW**, this __21st__ day of June, 2017, upon consideration of Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (Doc. 1), **IT IS HEREBY ORDERED AND DECREED** as follows:

1. Plaintiff's Application is **DENIED**; [1]

2. If Plaintiff seeks to pursue this action, he shall, **within thirty (30) days** of the date of this Order, either **(a)** file an amended application to proceed without prepaying fees or costs that addresses the deficiencies in his first application, or **(b)** file his Complaint and pay all requisite filing and administrative fees; and

3. To the extent that Plaintiff does not, within the time provided by this Order, file a new application or otherwise file a Complaint and pay all requisite fees, then the Clerk of Court shall mark this case **CLOSED** for statistical purposes.

1

**BY THE COURT:**

**/s/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, C.J.**

---

[1]  In determining whether a plaintiff is eligible to proceed *in forma pauperis*, the Court must assess the plaintiff's financial status.  *See generally Deutsch v. United States*, 67 F.3d 1080 (3d Cir. 1995).  "When exercising its discretion to approve or deny a motion to proceed [*in forma pauperis*], a District Court 'must be rigorous . . . to ensure that the treasury is not unduly imposed upon.'"  *In re Mock*, 252 F. App'x 522, 523 (3d Cir. 2007) (per curiam) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)).  To conduct its rigorous inquiry into a plaintiff's eligibility to proceed *in forma pauperis*, therefore, the Court must have sufficient information on which to base its decision.

The present application lacks sufficient information on which the Court may base a decision regarding Plaintiff's eligibility to proceed *in forma pauperis*.  Among other deficiencies, the application fails to provide any meaningful detail regarding Plaintiff's income, employment history, assets, or expenses.  For example, while Plaintiff lists monthly expenses of $1,100.00, Plaintiff indicates that he has only $869.00 of monthly income.  There is no detail contained in the form that may assist the Court in weighing this information.  This problem is compounded by the fact that Plaintiff lists his rent and utilities as his only expenses while leaving blank all other categories of necessary expenses including, among others, food, transportation, credit card payments, and clothing.

In short, the Court lacks any meaningful information on which to base a decision regarding Plaintiff's application.  Therefore, the application is denied.